■ HANNELORE LEHNHOFF, Respondent, v SHEPERD NATHAN et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel appellants to restore petitioner to her position pending the hearing and determination of certain charges lodged against her, the appeal is from so

much of a judgment of the Supreme Court, Nassau County, entered January 17, 1978, as directed appellants to pay petitioner her usual salary and other benefits pending the completion of the disciplinary proceedings. Judgment affirmed insofar as appealed from, with $50 costs and disbursements. Under the term of the collective bargaining agreement, the petitioner could not be suspended without pay except where "the appointing authority determines that there is probable cause to believe that the employee's continued presence on the job represents a potential danger to persons or property or would severely interfere with operations." No such determination was made in this case. The arbitration clause, upon which appellants rely to justify petitioner's suspension without pay, only comes into play where such a finding has been made by the suspending authority. Latham, J. P., Damiani, Shapiro and Margett, JJ., concur.